## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| JARROD MCKINNEY, | § | |
| | § | |
| | § | CIVIL ACTION NO.  2:21-CV-00212-RWS |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| THOMAS J. VILSACK, in his official | § | |
| capacity as Secretary of Agriculture, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants' Motion to Stay Proceedings Pending Resolution of Related Class Action (Docket No. 24).  For the reasons set forth below, Defendants' Motion to Stay Proceedings (Docket No. 24) is **GRANTED**.

## BACKGROUND

Plaintiff Jarrod McKinney is a part-time farmer of 60 pairs of cattle in Naples, Texas. Docket No. 9 at 5.  Plaintiff purports to have suffered economic harm as a result of the COVID-19 pandemic.  *Id.*  Plaintiff has an ownership loan from the United States Department of Agriculture ("USDA") Farm Service Agency.  *Id.*  Section 1005 of the American Rescue Plan Act of 2021 ("ARPA") appropriates funding to "provide a payment in an amount up to 120 percent of the outstanding indebtedness" of USDA farm loans held by "socially disadvantaged" farmers or ranchers.  Pub. L. No. 117-2 § 1005 (2021).  The USDA interprets "socially disadvantaged farmer or rancher" to mean a farmer or rancher who is a member of group, "whose members have been subjected to racial or ethnic prejudice because of their identity as members of a group without regard to their individual qualities."  *See* 7 U.S.C. § 2279(a).

Plaintiff argues that he would qualify for § 1005's loan forgiveness but for "the color of his skin."  Docket No. 9 at 5.  Plaintiff filed this lawsuit against Defendants on June 10, 2021, alleging that § 1005 of ARPA violates the equal protection clause of the Fifth Amendment and the Administrative Procedure Act ("APA").  Docket No. 1.  Thereafter, Plaintiff moved for a preliminary injunction on June 17, 2021.  Docket No. 9.  Defendants filed a motion to stay pending resolution of a related class action in *Miller v. Vilsack*, No. 4:21-cv-595 (N.D. Tex.).  Docket No. 24.  Defendants also filed a motion for an administrative stay of briefing deadlines (Docket No. 25); Plaintiff responded to Defendants' motions (Docket Nos. 26, 32); Defendants replied (Docket No. 33); and Plaintiff filed a sur-reply (Docket No. 36).

## APPLICABLE LAW

Courts have long recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also United States v. Rainey*, 757 F.3d 234, 241 (5th Cir. 2014).  "In deciding whether to stay litigation, this Court considers: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issue in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set."  *Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-CV-90-JRG, 2013 WL 1338767, at *10 (E.D. Tex. Jan. 14, 2013).

## ANALYSIS

Defendants request that the Court stay proceedings until final resolution of the class challenge to § 1005 of the ARPA in *Miller*.  Docket No. 24 at 1.  Defendants assert that a stay would be in the interests of judicial economy and consistency.  *Id.*  Defendants contend that under the first-filed rule, this Court should refuse to hear the case-in-suit because Plaintiff filed his

complaint after *Miller* was filed.  *Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 677–78 (5th Cir. 2011) ("[W]hen related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap.").  Defendants further argue that Plaintiff is a member of the two classes certified by the *Miller* court under Rule 23(b)(2) and that Defendants would be bound by any relief granted to the class members in *Miller*.  *Id.* at 9.  Moreover, Defendants argue that Plaintiff would not be prejudiced because the relief he seeks—a preliminary injunction prohibiting disbursement under § 1005—was already granted in *Miller*.  *Id.* at 11.  On the other hand, Defendants argue that a stay would reduce the hardship the government faces with the duplicative lawsuits.  *Id.*

Plaintiff counters that Defendants' proposed stay could last indefinitely or immensely delay his ability to litigate.  Docket No. 32 at 7.  Plaintiff also argues Defendants have not satisfied the requirements of a stay.  *Id.* at 8 (citing *Fishman Jackson PLLC v. Israely*, 180 F. Supp. 3d 476, 482 (N.D. Tex. 2016)).  One, Plaintiff argues a stay would deprive him of his ability to litigate "his chosen claims, with his chosen counsel, in his forum."  *Id.*  Plaintiff fears that the class challenge has much broader claims than Plaintiff's; prevents Plaintiff from engaging in factual discovery to prove his case; does not adequately represent Plaintiff's requested relief (*e.g.*, nominal damages); and deprives Plaintiff of his choice of counsel.  *Id.* at 8–10.  Two, Plaintiff asserts that Defendants fail to establish that they would suffer undue hardship without a stay.  *Id.* at 11.  Three, Plaintiff argues that a stay would not promote the orderly course of justice.  *Id.* at 11–12; Docket No. 36 at 5.

Regarding the first-filed rule, Plaintiff contends that Defendants fail to demonstrate a substantial overlap exists between his suit and *Miller*; that if substantial overlap does exist, the Court has the discretion as to the applicability of the first-filed rule; that the out-of-circuit cases

cited by Defendants involved larger gaps in time; and that *Miller* did not get class-certified until after Plaintiff in the present case filed his complaint and moved for a preliminary injunction. *Id.* at 13–14.  Moreover, Plaintiff warns that strict abidance to the first-filed rule would encourage plaintiffs to file their class actions suit prematurely, "foreclos[ing] others from pressing constitutional claims with their chosen counsel."  Docket No. 36 at 5.

The Court finds that the interests of judicial efficiency weigh in favor of a stay.  First, a stay would not unduly prejudice Plaintiff, nor does it present a tactical disadvantage to Plaintiff. Plaintiff belongs to the classes certified in the *Miller* case, involves the same defendants, claims and request for relief as here.  The *Miller* court ascertained that class counsel "will adequately represent the interests of class members similarly situated in zealously pursuing the requested relief."  Docket No. 24-1 at 13.  If Plaintiff takes issue with the class counsel's litigation strategy, such as wanting to pursue an APA violation claim, he may raise those concerns with class counsel or file an *amicus* brief.  If Plaintiff does not feel that he is adequately represented by the class, Plaintiff can opt out of the class, advise the Court and move to lift the stay.  Similarly, if *Miller* is significantly delayed, the class is decertified or the class abandons the claims focusing on § 1005, Plaintiff can move to lift the stay in this Court.

Second, a stay would simplify the issues of the case.  Defendants are in several lawsuits across the country challenging § 1005 on equal protection grounds.  *See* Docket No. 24 at 2 (listing 11 other cases, as of July 12, 2021).  A stay would avoid unnecessary, duplicative government action and allow for efficient, consistent litigation.  Third, discovery is not complete nor is the trial date set for this case.  All three factors thus weigh in favor of a stay.[1]

---

[1] The majority of courts analyzing Defendants' similar motions for stay pending class resolution granted a stay.  *See Faust v. Vilsack*, No. 21-C-548 (E.D. Wisc. Aug. 20, 2021); *Joyner v. Vilsack*, No. 21-1089-STA-jay (W.D. Tenn. Aug. 19, 2021); *Carpenter v. Vilsack*, No. 21-CV-103 (D. Wyo. Aug. 16, 2021).  *Cf. Holman v. Vilsack*, 21-cv-01085-STA-jay, 2021 WL 3354169 (W.D. Tenn. Aug. 2, 2021).

## CONCLUSION

"The Supreme Court has repeatedly observed that under the doctrine of comity, when cases involving substantially overlapping issues are pending before two federal district courts, there is a strong preference to avoid duplicative litigation." *Parallel Networks Licensing, LLC v. Superior Turnkey Sols. Grp., Inc.*, No. 4:19-cv-516, 2020 WL 2098203, at *2 (E.D. Tex. May 1, 2020). Accordingly, Defendants' Motion to Stay Pending Resolution of Related Class Action (Docket No. 24) is **GRANTED**.  Accordingly, it is

**ORDERED** that the above-captioned matter is stayed pending resolution of the class challenge to § 1005 in *Miller v. Vilsack*, No. 4:21-cv-595 (N.D. Tex.) or until the order of the Court.  It is further

**ORDERED** that Defendants shall file a status report every **ninety (90) days** on the progress of the *Miller* case.

**So ORDERED and SIGNED this 30th day of August, 2021.**


ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE